**EXHIBIT A**
**TO SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE**
**OF ALL CLAIMS**

In consideration of the Settlement Agreement and Full and Final Release of All Claims, Wesco Insurance Company, on behalf of the Defendants Erwin Brothers, LLC, Erwin Brothers Transportation, LLC, 48 Xpress, LLC, and Raeford Miles, agrees to pay the sums outlined below:

1.1     $25,000.00 payable to Dollar Burns & Becker, LC.

1.2     Periodic payments to Norma McLamb ("Payee") made according to the Schedule of Payments as follows (the "Periodic Payments") through the funding of a Periodic Payment obligation through Prudential Assigned Settlement Services Corporation (PASSCorp) with a cost, inclusive of associated fees, if any, of $350,000.00:

$300.00 payable monthly, guaranteed for 10 years, beginning on 11/01/2019, with the last guaranteed payment on 10/01/2029.

$5,000.00 payable annually, guaranteed for 10 years, beginning on 4/01/2020, with the last guaranteed payment on 4/01/2029.

$250.00 payable annually for life, guaranteed for 30 years, beginning on 11/09/2020, compounded 2% annually, beginning on 11/09/2021, with the last guaranteed payment on 11/09/2049, or as long as Payee is living, whichever is longer.

$425.00 payable monthly, guaranteed for 10 years, beginning on 11/01/2029, with the last guaranteed payment on 10/01/2039.

$1,197.10 payable monthly for life, guaranteed for 10 years, beginning on 11/01/2039, with the last guaranteed payment on 10/01/2049, or as long as Payee is living, whichever is longer.

$5,000.00 paid as a lump sum on 3/20/2023 guaranteed
$12,500.00 paid as a lump sum on 11/09/2026 guaranteed
$25,000.00 paid as a lump sum on 11/09/2031 guaranteed
$12,500.00 paid as a lump sum on 3/20/2035 guaranteed
$50,000.00 paid as a lump sum on 11/09/2036 guaranteed
$50,000.00 paid as a lump sum on 11/09/2041 guaranteed
$50,000.00 paid as a lump sum on 11/09/2046 guaranteed

All sums set forth herein constitute damages on account of personal physical injuries and personal physical sickness in a case involving personal physical injury or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended (the "Code") and no portion of those sums represent pre-judgment interest, post-judgment or punitive damages.



{374469.DOC }1

    1.3    Periodic payments to Norma McLamb ("Payee") made according to the Schedule of Payments as follows (the "Periodic Payments") through the funding of a Periodic Payment obligation through MetLife Assignment Company, Inc. with a cost, inclusive of associated fees, if any, of $350,000.00:

    $300.00 payable monthly, guaranteed for 10 years, beginning on 11/01/2019, with the last guaranteed payment on 10/01/2029.

    $5,000.00 payable annually, guaranteed for 10 years, beginning on 4/01/2020, with the last guaranteed payment on 4/01/2029.

    $250.00 payable annually for life, guaranteed for 30 years, beginning on 11/09/2020, compounded 2% annually, beginning on 11/09/2021, with the last guaranteed payment on 11/09/2049, or as long as Payee is living, whichever is longer.

    $425.00 payable monthly, guaranteed for 10 years, beginning on 11/01/2029, with the last guaranteed payment on 10/01/2039.

    $1,227.71 payable monthly for life, guaranteed for 10 years, beginning on 11/01/2039, with the last guaranteed payment on 10/01/2049, or as long as Payee is living, whichever is longer.

    $5,000.00 paid as a lump sum on 3/20/2023 guaranteed
    $12,500.00 paid as a lump sum on 11/09/2026 guaranteed
    $25,000.00 paid as a lump sum on 11/09/2031 guaranteed
    $12,500.00 paid as a lump sum on 3/20/2035 guaranteed
    $50,000.00 paid as a lump sum on 11/09/2036 guaranteed
    $50,000.00 paid as a lump sum on 11/09/2041 guaranteed
    $50,000.00 paid as a lump sum on 11/09/2046 guaranteed

    1.4    Periodic payments to Paige McLamb ("Payee") made according to the Schedule of Payments as follows (the "Periodic Payments") through the funding of a Periodic Payment obligation through MetLife Assignment Company, Inc. with a cost, inclusive of associated fees, if any, of $150,000.00:

    $200.00 payable annually for life, guaranteed for 35 years, beginning on 3/20/2025, compounded 2% annually, beginning on 3/20/2026, with the last guaranteed payment on 3/20/2059, or as long as Payee is living, whichever is longer.

    $7,500.00 payable semi-annually, guaranteed for 4 years, which is 8 payments, beginning on 7/15/2025, with the last guaranteed payment on 1/15/2029.

    $600.00 payable monthly, guaranteed for 6 years and 8 months, beginning on 8/01/2025, with the last guaranteed payment on 3/01/2032.

$10,000.00 paid as a lump sum on 6/01/2025 guaranteed
$20,000.00 paid as a lump sum on 3/20/2032 guaranteed
$51,228.79 paid as a lump sum on 3/20/2037 guaranteed

1.5   Periodic payments to Dalton McLamb ("Payee") made according to the Schedule of Payments as follows (the "Periodic Payments") through the funding of a Periodic Payment obligation through MetLife Assignment Company, Inc. with a cost, inclusive of associated fees, if any, of $125,000.00:

$400.00 payable monthly, guaranteed for 5 years, beginning on 11/01/2019, with the last guaranteed payment on 10/01/2024.

$500.00 payable monthly, guaranteed for 6 years and 3 months, beginning on 11/01/2024, with the last guaranteed payment on 1/01/2031.

$200.00 payable annually for life, guaranteed for 40 years, beginning on 1/18/2020, compounded 2% annually, beginning on 1/18/2021, with the last guaranteed payment on 1/18/2059, or as long as Payee is living, whichever is longer.

$12,000.00 paid as a lump sum on 11/01/2020 guaranteed
$20,000.00 paid as a lump sum on 1/18/2026 guaranteed
$42,661.24 paid as a lump sum on 1/18/2031 guaranteed

All sums set forth herein constitute damages on account of personal physical injuries and personal physical sickness in a case involving personal physical injury or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended (the "Code") and no portion of those sums represent pre-judgment interest, post-judgment or punitive damages.

2.   Payees' Rights to Payments

The Settling Beneficiaries acknowledge and agree that neither the Periodic Payments nor any rights thereto or interest therein (collectively, "Payment Rights") can be:

2.1   Accelerated, deferred, increased or decreased by the Settling Beneficiaries or any other Payee; or,

2.2   Sold, assigned, pledged, hypothecated or otherwise transferred or encumbered, either directly or indirectly, by such Settling Beneficiaries or any other Payee unless such sale, assignment, pledge, hypothecation or other transfer or encumbrance (any such transaction being hereinafter referred to as a "Transfer") has been approved in advance in a "qualified order" as defined in Section 5891(b)(2) of the Internal Revenue Code of 1986, as amended (a "Qualified Order"), and otherwise complies with applicable state law, including without limitation any and all applicable state structured settlement protection statutes.  In the event that the Settling Beneficiaries attempt to seek such a "qualified order," they do hereby agree and consent to provide full and timely legal notice of any such Motion or Petition for such a "qualified order" to Settling Beneficiaries' counsel and ad litem, if appointed.

None of the Settling Beneficiaries or other Payee shall have the power to affect any Transfer of Payment Rights except as provided in Section 2.2 above, and any other purported Transfer of Payment Rights shall be wholly void.

3. Payees' Beneficiary

3.1 Any payments to be made after death of Norma McLamb, pursuant to the terms of this Settlement Agreement and Full and Final Release of All Claims, shall be made to such person or entity as shall be designated in writing by Norma McLamb to the Insurer's respective Assignee (as set forth herein). If no person or entity is so designated by Norma McLamb, or if the person designated is not living at the time of Norma McLamb's death, such payments shall be made to the Estate of Norma McLamb. Norma McLamb shall have the right to submit a request to change the Beneficiary designation. No such designation, nor any revocation thereof, shall be effective unless it is in writing, signed by Norma McLamb, and delivered to the Insurers or the Insurer's respective Assignee. The designation must be in a form acceptable to the Insurers or the Insurer's respective Assignee before such payments are made.

3.2 Any payments to be made after death of Paige McLamb, pursuant to the terms of this Settlement Agreement and Full and Final Release of All Claims, shall be made payable to the Estate of Paige McLamb. At the age of majority, Paige McLamb shall have the right to submit a request to change the Beneficiary designation. No such designation, nor any revocation thereof, shall be effective unless it is in writing, signed by Paige McLamb, and delivered to the Insurers' Assignee (as set forth herein). The designation must be in a form acceptable to the Insurers' Assignee before such payments are made, but in no way shall the request be unreasonably withheld or denied.

3.3 Any payments to be made after death of Dalton McLamb, pursuant to the terms of this Settlement Agreement and Full and Final Release of All Claims, shall be made to such person or entity as shall be designated in writing by Dalton McLamb to the Insurer's Assignee (as set forth herein). If no person or entity is so designated by Dalton McLamb, or if the person designated is not living at the time of Dalton McLamb 's death, such payments shall be made to the Estate of Dalton McLamb. Dalton McLamb shall have the right to submit a request to change the Beneficiary designation. No such designation, nor any revocation thereof, shall be effective unless it is in writing, signed by Dalton McLamb, and delivered to the Insurers or the Insurer's Assignee. The designation must be in a form acceptable to the Insurers or the Insurer's Assignee before such payments are made.

4. Consent to Qualified Assignment

4.1 Settling Beneficiaries acknowledge and agree that the Insured and/or the Insurer will make a "Qualified Assignment", within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Insured's and/or the Insurer's liability to make the Periodic Payments set forth in Sections 1.2 to Prudential Assigned Settlement Services Corporation (PASSCorp) and the Periodic Payments set forth in Section 1.3 through 1.5 to MetLife Assignment Company, Inc. ("The Assignees"). The respective Assignees' obligation for payment of the Periodic Payments

shall be no greater than that of the Insured and/or the Insurer (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

4.2  Any such assignment, if made, shall be accepted by the Settling Beneficiaries without right of rejection and shall completely release and discharge the Insured and the Insurer from the Periodic Payments obligation assigned to the respective Assignees.  The Settling Beneficiaries recognize that, in the event of such an assignment, the respective Assignees shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Insured and the Insurer shall thereupon become final, irrevocable and absolute.

5. Right to Purchase an Annuity

The Insurer, through Prudential Assigned Settlement Services Corp, reserves the right to fund the liability to make the Periodic Payments set forth in section 1.2 through the purchase of an annuity policy from The Prudential Insurance Company of America (the "Annuity Issuer"). Prudential Assigned Settlement Services Corp shall be the sole owner of the annuity policy and shall have all rights of ownership.  Prudential Assigned Settlement Services Corp may have The Prudential Insurance Company of America mail payments directly to the Payee(s).  The Payee shall be responsible for maintaining a current mailing address for Payee(s) with The Prudential Insurance Company of America.

The Insurer, through MetLife Assignment Company, Inc., reserves the right to fund the liability to make the Periodic Payments set forth in section 1.3 through 1.5 through the purchase of annuity policies from Metropolitan Tower Life Insurance Company (the "Annuity Issuer"). MetLife Assignment Company, Inc. shall be the sole owner of the annuity policies and shall have all rights of ownership.  MetLife Assignment Company, Inc. may have Metropolitan Tower Life Insurance Company mail payments directly to the respective Payee(s).  The respective Payee shall be responsible for maintaining a current mailing address for respective Payee(s) with Metropolitan Tower Life Insurance Company.

6. Discharge of Obligation

The obligation assumed by the respective Assignees to make each Periodic Payment shall be fully discharged upon the mailing of a valid check or electronic funds transfer in the amount of such payment on or before the due date to the last address on record for each respective Payee or Beneficiary with the respective Annuity Issuers.  If the respective Payee or Beneficiary notifies the Assignees that any check or electronic funds transfer was not received, the respective Assignees shall direct the respective Annuity Issuers to initiate a stop payment action and, upon confirmation that such check was not previously negotiated, or electronic funds transfer deposited, shall have the respective Annuity Issuers process a replacement payment.