UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NORMA McLAMB, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  4:18-CV-01206-HEA |
| | ) | |
| vs. | ) | |
| | ) | |
| ERWIN BROTHERS, LLC, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**JUDGMENT AND ORDER APPROVING**
**WRONGFUL DEATH AND MINOR'S SETTLEMENT**

Plaintiff Norma McLamb, surviving spouse and representative of the wrongful death class and Next Friend of Paige McLamb, the surviving minor daughter of decedent Ronald "Greg" McLamb ("Plaintiff"), appear by and through their attorneys. Defendants Erwin Brothers, LLC, Erwin Brothers Transportation, LLC, 48 Xpress, LLC, and BGF Global, LLC, appear by and through their attorneys.

All parties having expressly waived a jury trial in regard to Plaintiff's claims against Defendants, the cause is submitted to the Court, and evidence in support of the Joint Application for Approval of Wrongful Death and Minor's Settlement has been heard. After duly examining the pleadings and hearing the statements of counsel and evidence submitted and being otherwise fully advised on the premises, the Court finds:

1.     This action pertains to the death of Ronald "Greg" McLamb (hereinafter "Decedent"), who died in Missouri as a result of injuries sustained on or about December 13, 2017 ("Accident").

2.      Plaintiff is the spouse of Decedent and natural mother of Paige McLamb, a minor.

3.      Plaintiff is the duly acting and appointed Next Friend of minor Paige McLamb, born on March 20, 2007, age 12.

4.      The Joint Application for Approval of Wrongful Death and Minor's Settlement is brought pursuant to the provisions of Mo. Rev. Stat. §§ 537.080 *et seq*. and 507.184.

5.      Plaintiff has brought claims against Defendants Erwin Brothers, LLC, Erwin Brothers Transportation, LLC, 48 Xpress, LLC, BGF Global, LLC, and Raeford Miles (collectively the "Defendants") arising from and related to the personal injuries and death of Decedent.

6.      Pursuant to R.S.Mo. § 537.080.1(1), Norma McLamb, minor Paige McLamb, Dalton McLamb, and Elizabeth Baldwin ("Settling Beneficiaries") are the only persons entitled to claim, sue for and collect damages caused by the death of Decedent. The Court expressly finds that there are no other persons entitled to make a claim for Decedent or to share in the proceeds of the settlement.

7.      Plaintiff has negotiated a compromised settlement of the claims with Defendants for a total sum of TWO MILLION SIX HUNDRED SEVENTY-FIVE THOUSAND DOLLARS and ZERO CENTS ($2,675,000.00), in settlement of all claims and causes of action against Defendants to be paid by the Defendants as follows:

    a.      $1,000,000 by Wesco Insurance Company on behalf of Defendants 48 Xpress, LLC, Raeford Miles, Erwin Brothers, LLC, and Erwin Brothers Transportation, LLC;

    b.      $975,000 by Prime Insurance Company on behalf of Defendant BGF Global, LLC;

      c.      $500,000 by Zurich American Insurance Company on behalf of Defendant Erwin Brothers Transportation, LLC;

      d.      $200,000 by National Casualty Company on behalf of Defendant Erwin Brothers, LLC.

8.      Plaintiff believes she has a meritorious cause of action against Defendants.

9.      Defendants deny any and all liability to Plaintiff regarding the death of Decedent and for the claims asserted herein.

10.      Plaintiff, with the advice of counsel, has investigated fully the facts and circumstances with reference to the incident involving the death of Decedent. Plaintiff is of the opinion that it is, and will be, in the best interests of all Settling Beneficiaries, including minor Paige McLamb, to fully settle the claims against Defendants, subject to the approval of the Court.

11.      Settling Beneficiaries acknowledge that they have the right to a trial by judge and jury in this matter, at which time Settling Beneficiaries could receive more than the amount of this settlement, less than the amount of this settlement, or nothing at all, and that by settling this claim as outlined above, right to a trial by judge or jury has been expressly waived in regard to Settling Beneficiaries' claims against Defendants.

12.      Settling Beneficiaries have consented to the settlement and their share of the settlement proceeds. *See* Affidavits attached to the Joint Application for Approval of Wrongful Death and Minor's Settlement as Exhibits, as Exhibits "B", "C" and "D".

13.      Plaintiff submits that the settlement with Defendants is in good faith, is fair and reasonable, and is in the best interests of those persons entitled to sue and/or who claim to have suffered damages as a result of the death of Decedent considering all the facts and circumstances.

14.     Plaintiff has requested this Court to approve the settlement, and the apportionment of the settlement proceeds to them in accordance with the settlement outlined above.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT:**

15.     Plaintiff has waived Plaintiff's right to a trial by judge and jury in regard to Plaintiff's claims against Defendants. The Court specifically finds that the settlement entered into by Plaintiff has been entered into in good faith and is just, fair and reasonable, and in the best interests of all parties herein and the Settling Beneficiaries, including Decedent's minor, Paige McLamb.

16.     Plaintiff, as Next Friend of Paige McLamb, a minor, is authorized, empowered and directed by this Court to execute and sign the Settlement Agreement and Full and Final Release of All Claims and Qualified Assignment, agreed to by all the parties.

17.     Settling Beneficiaries are authorized, empowered and directed by this Court to execute and sign the Settlement Agreement and Full and Final Release of All Claims and Qualified Assignment agreed to by all the parties, which discharges all claims, demands, damages, accrued or accruing, which they have, or otherwise might have hereinafter against Defendants, Defendants' servants, agents, employees, attorneys, insurers, successors, assigns, divisions, subsidiaries, related companies, representatives, administrators, and any other persons or entities who are or might be liable through or in connection with Defendants, including but not limited to, Wesco Insurance Company, Prime Insurance Company, National Casualty Company, and Zurich American Insurance Company, by reason of injuries sustained or to be sustained by Settling Beneficiaries and Decedent, as a result of the Accident.

18.     The Court further finds that Dollar, Burns & Becker, L.C. and The Law Offices of Michael R. Huffaker, P.C. have performed valuable legal services in the representation of

Plaintiff on these claims and that pursuant to the contract of employment between Plaintiff and said law firms, Plaintiff shall pay the 33 and 1/3 percent contingency fee based on the gross settlement proceeds recovered in the preparation and prosecution of the claims along with thereafter reimbursement of the expenses and costs incurred by said firms. The law office of Dollar, Burns & Becker, L.C. and law office of Michael R. Huffaker have in fact represented Plaintiff, and a total sum of $907,962.12 shall be deducted from the settlement and paid to Dollar, Burns & Becker, LC as attorneys' fees, costs and expenses in this matter, and this amount is found to be reasonable and proper. Plaintiff is further directed to obtain from their attorneys a receipt showing that said attorney fees and expenses have in fact been fully paid and file said receipt with the Court.

19. The net settlement sum of $1,767,037.88 shall be distributed in proportion to the losses suffered as follows:

      a.     Norma McLamb shall receive the net sum of $1,442,037.88
             *($700,000 of which shall be paid in accordance with Exhibit "A" attached to the Joint Application For Approval of Wrongful Death and Minor's Settlement);*

      *b.*     Paige McLamb shall receive the net sum of $150,000.00
             *(which amount shall be paid in accordance with Exhibit "A" attached to the Joint Application For Approval of Wrongful Death and Minor's Settlement);*

      c.     Dalton McLamb shall receive the net sum of $150,000.00
             *($125,000 of which shall be paid in accordance with Exhibit "A" attached to the Joint Application For Approval of Wrongful Death and Minor's Settlement);*

      d.     Elizabeth Baldwin shall receive the net sum of $25,000.00.

20. Plaintiff shall be solely responsible for any outstanding medical bills and any other expenses or liens in this matter, including the workers' compensation lien asserted by National Interstate Insurance Company and/or PLC Services, LLC.

21.     That regarding minor Paige McLamb, the Court finds that no portion of the settlement proceeds apportioned to the minor, Paige McLamb, will come into her possession while she is still a minor.  The entire portion of Paige McLamb's share of the settlement shall be paid directly into a structured settlement by MetLife Assignment Company, Inc. with an annuity that will be purchased through Metropolitan Tower Life Insurance Company to fund the periodic payments for the minor, Paige McLamb, beginning when Paige McLamb reaches the age 18 as specifically laid out in the terms of Exhibit A to the Settlement Agreement and Full and Final Release of All Claims and Qualified Assignment.  All sums set forth herein constitute damages on account of personal physical injuries and physical sickness in a case involving personal physical injury or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended (the "Code") and no portion of those sums represent pre-judgment interest, post-judgment or punitive damages. The obligation to make the periodic payments described herein will be assigned through a qualified assignment within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, to MetLife Assignment Company, Inc. and funded by an annuity contract issued by Metropolitan Tower Life Insurance Company, rated A+ XV by A.M. Best..

22.     It is further ordered that the rights to receive periodic payments granted to the minor, Paige McLamb,  in this Judgment may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then-sitting Judge of this Court, as evidenced by an order approving such transaction entered after compliance with all requirements of the Missouri State Structured Settlement Protection Act, §§ 407.1060-407.1068, as it now exists or may hereafter be amended, or any successor to such statute. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of

such payment rights that has not been so approved will be a direct violation of this order. Accordingly, the Court hereby waives the bond requirement pursuant to Mo. Rev. Stat § 507.150.

23. Upon receipt of all settlement funds called for by the settlement agreement approved herein, Plaintiff shall file a Joint Stipulation of Dismissal with prejudice of all claims pending against the Defendants with each party to bear their own costs and attorneys' fees along with a proposed order.

24. Upon receipt of all settlement funds called for by the settlement agreement approved herein, Plaintiff shall file a Satisfaction and Release of Judgment acknowledging receipt of settlement funds and confirming that this judgment has been satisfied and is released against each Defendant.

**SO ORDERED,**

_____

Judge


Dated this _____ day of _____, 2019

cc: All Attorneys of Record